*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA BECK,

Petitioner-Appellee,

v

MICHIGAN PUBLIC SCHOOL EMPLOYEES'
RETIREMENT SYSTEM,

Respondent-Appellant.

UNPUBLISHED
February 27, 2020

No. 344522
Ingham Circuit Court
LC No. 17-000857-AA

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Respondent appeals by leave granted[1] the circuit court's reversal of the decision of the Michigan Public School Employees' Retirement Board (Retirement Board) concluding that petitioner was not entitled to a premium "premium subsidy benefit" under Public Act 300 of 2012, MCL 38.1391a. We conclude that substantial evidence supported the Retirement Board's conclusion, and therefore reverse the circuit court's order and reinstate the decision of the Retirement Board.

## I. BACKGROUND

In 2012, the Michigan Legislature amended the Public School Employees Retirement Act, MCL 38.1301 *et seq*.[2] The 2012 amendment allowed employees to make a choice between selecting the retiree healthcare fund—known as the premium subsidy fund—for which employees contributed 3% of their compensation, or opting out of the premium subsidy fund and selecting a

---

[1] *Beck v Mich Pub Schs Retirement Sys*, unpublished order of the Court of Appeals, entered January 3, 2019 (Docket No. 344522).

[2] The Legislature enacted the 2012 law in response to challenges to the constitutionality of a 2010 law regarding public-school retiree healthcare benefits. For a history of the legislation and the constitutional challenges, see *AFT Mich v Michigan*, 497 Mich 197, 202; 866 NW2d 782 (2015).

tax-deferred, portable, personal healthcare fund (PHF) account. Employees who selected the PHF received matching contributions by their employer of up to 2% of their compensation. MCL 38.1391(1); MCL 38.1391a(1).

In September 2012, the Office of Retirement Services (ORS) sent a letter to petitioner informing her of the legislative change and indicating that she needed to make the aforementioned election online through her "miAccount." The ORS log for petitioner's account indicated that petitioner logged into her miAccount on September 16, 2012, and again on October 10, 2012. In February 2013, ORS sent a letter to petitioner informing her of her retirement-plan elections. The letter stated, "Your retiree healthcare and pension choices under Public Act (PA) 300 of 2012 were received by the Office of Retirement Services (ORS) on 10/10/12." The letter stated that petitioner had chosen the PHF as her retiree healthcare plan.

The ORS log indicates that petitioner's next login was in July 2013. At that time, petitioner sent a message to ORS stating, "I received a Retirement Account statement for Pension Plus and don't know why I received it. I do not participate in Pension Plus. Maybe a mistake was made?" The same day, an ORS representative responded, "You selected the Personal Healthcare Fund when you made your retirement elections in October of 2012." Several additional electronic messages and letters followed through which petitioner and ORS continued to dispute petitioner's healthcare election. Petitioner acknowledged that she had made an election regarding her pension in October 2012, but she insisted that she did not intend to change her healthcare benefits and that she would not have opted out of the premium subsidy fund. ORS repeatedly responded that its records indicated that petitioner had elected the PHF and that, because the election was not changed within the designated election timeframe, the election was irrevocable.

In October 2014, petitioner requested an administrative review. In her request, she stated, "Since I did not voluntarily opt out of the premium subsidy, and we cannot conclusively identify if the error was due to the system or my haste, I respectfully request that ORS corrects the error and re-enroll me in the premium subsidy for retiree healthcare, and bill me for any outstanding contributions." ORS initially denied petitioner's request for administrative review on the ground that her request was untimely, but eventually granted review.

A hearing was held in April 2017. Before the hearing, petitioner moved to preclude the testimony of a potential witness, Kayla Lintz from ORS, arguing that respondent had not identified Lintz as a rebuttal witness until just six days prior to the hearing despite the requirement of Michigan Administrative Code Rule 792.11604[3] that witnesses be disclosed 10 days before the hearing. The administrative law judge (ALJ), however, concluded that because the witness list reserved respondent's right to call any rebuttal witness, Lintz's testimony could proceed.

---

[3] Mich Admin Code, R 792.11604(2) states in relevant part:

> The respondent shall serve a list of witnesses 10 days before the scheduled hearing date. A party shall not call as a witness a person who was not included on a witness list unless the administrative law judge finds that the party has established good cause as to why the person was not included on the party's witness list.

Petitioner testified that she experienced some trouble logging into her "miAccount" between 2007 and 2012, and she maintained that she did not opt out of the subsidy. Lintz testified, however, that petitioner's "miAccount history" indicated that petitioner had made an election in October 2012 to participate in the PHF. Lintz further indicated that other individuals who had also challenged their PHF elections were similarly told they could not be changed. Lintz also stated that if a member made no election, the ORS system retained the member's existing healthcare option.

The ALJ concluded that petitioner had failed to meet her burden, and had made a "voluntary, valid election" to change to the PHF. The ALJ found that the ORS records confirmed that petitioner logged into her "miAccount" on October 10, 2012 and that petitioner made a pension election as well as the PHF election. The ALJ summarized his conclusion as follows:

> Petitioner offers no compelling reason why her election should be undone after the statutory window has closed except to argue, without any proof, that she did not and could not have made such an election. While Petitioner alleges that a mistake was made, the fact that she logged into her miAccount on October 10, 2012, the same date her elections were recorded, makes it more likely than not that if any mistake was made it was made by Petitioner.

In September 2017, the Retirement Board entered an order adopting the ALJ's recommendation. Petitioner appealed this decision to the circuit court. The circuit court reversed the Retirement Board's decision. The circuit court recognized that the ORS communication log of October 10, 2012, showed elections were made in petitioner's account, including both a pension election and an election for the PHF. The circuit court also determined that the ALJ had not committed any palpable error by allowing Lintz's testimony and that the burden of proof was on petitioner to show that she was entitled to relief. The circuit court, however, determined that the Retirement Board's decision was not supported by the evidence, stating, "There is absolutely nothing in the record whatsoever to contradict Petitioner's testimony that she did not and would never intend to make such an election." This appeal followed.

## II. ANALYSIS

> A circuit court's review of an administrative agency's decision is limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law. "Substantial" means evidence that a reasoning mind would accept as sufficient to support a conclusion. Courts should accord due deference to administrative expertise and not invade administrative fact finding by displacing an agency's choice between two reasonably differing views. [*Nason v State Employees' Retirement Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010) (internal citation omitted).]

Substantial evidence requires "more than a scintilla of evidence," but "may be substantially less than a preponderance." *Dep't of Community Health v Risch*, 274 Mich App 365, 372; 733 NW2d 403 (2007). Evidence is substantial if a reasonable mind would accept it as "sufficient to support

a conclusion." *Id*. Resolution of conflicts in the evidence and the credibility of witnesses are matters reserved for the administrative factfinder, not the reviewing court. *Id*. A reviewing court may not "set aside an administrative decision it finds inequitable." *Huron Behavioral Health v Dep't of Community Health*, 293 Mich App 491, 498; 813 NW2d 763 (2011).

Respondent argues that the circuit court erred by overturning the Retirement Board's decision. "We review a circuit court's decision on an administrative appeal to determine whether the circuit court applied correct legal principles and whether the court misapprehended or grossly misapplied the substantial-evidence test to the agency's factual findings, which essentially constitutes a clearly erroneous standard of review." *Nason*, 290 Mich App at 424. "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *Id*.

In overturning the Retirement Board's decision, the circuit court found:

The logs did not show how [petitioner's election into the PHF] came to be logged— the only testimony existing regarding how that election came to be logged come from Petitioner herself: by mistake. There is no evidence in the record that Petitioner's MiAccount attempted to confirm her irrevocable, one-time elections before logging them, or at any time in the election period. There is no evidence confirming the keystrokes used to create the election, nor is there any evidence to show that Petitioner intended to make the election. There is absolutely nothing in the record whatsoever to contradict Petitioner's testimony that she did not and would never intend to make such an election.

This analysis, however, ignores petitioner's own testimony that she did, in fact, log into her miAccount and make an election. In filing the administrative appeal, petitioner herself recognized that she may have been enrolled in the PHF by a computer-system error or by her own "haste." Petitioner, however, presented no evidence which would tend to show that the computer system erroneously logged entries.

The ALJ and the circuit court concluded that petitioner bore the burden to prove entitlement to relief. Neither party has challenged this conclusion on appeal. The circuit court's decision ignores petitioner's burden, reversing the Retirement Board's decision on the ground that there was no evidence shown that petitioner made an incorrect entry when, in fact, the relevant question was whether petitioner showed that she made a correct entry that was incorrectly logged. Stated otherwise, the circuit court awarded petitioner relief *because* she failed to meet her burden. Even if we may view the circuit court's decision as a finding that petitioner's testimony was so strong that it established her correct election without any corroborating documentary evidence, we must note that the circuit court does not sit as an initial factfinder. As relevant here, the circuit court's role in an administrative appeal is limited to determining whether the record was sufficient to support a reasonable administrative factfinder's conclusion. Credibility determinations are reserved for the administrative factfinder and, in this case, the ALJ's credibility determination did not strongly preponderate in petitioner's favor.

In her appellee brief petitioner renews her argument that Lintz's testimony should be stricken as untimely noticed. We question, however, whether this issue was properly presented to

this Court because it was not raised by respondent on appeal and petitioner did not properly raise it in a cross-appeal. *In re Estate of Herbach*, 230 Mich App 276, 284, 583 NW2d 541 (1998) (stating that a cross-appeal is necessary to "obtain a decision more favorable than that rendered by the lower tribunal"); MCR 7.207. Nonetheless, to the extent that appellee has raised this issue as an alternative ground for affirmance, see *Herbach*, 230 Mich App at 284 (stating that a cross-appeal is not necessary to state an alternative ground for affirmance), we note that petitioner's argument attempts to shift the burden to respondent. Petitioner argues that, without Lintz's testimony, there was no record that she made *any* healthcare election (as opposed to making an inaccurate election). We disagree. A reasonable inference from the letter sent to petitioner in February 2013 as well as the exchanges between petitioner and respondent beginning several months later is that the miAccount system logged plaintiff as electing the PHF. Thus, petitioner bore the burden to show that she did not elect the PHF. Deferring to the ALJ's credibility determinations, substantial evidence supported the ALJ's conclusion that petitioner did not meet this burden. Again, respondent presented no evidence—outside of her own, uncorroborated testimony—that she either elected the premium subsidy or failed to make an election and respondent's computer system inaccurately recorded her as electing the PHF. Accordingly, even if petitioner is correct that the ALJ should have precluded Lintz's testimony, the alleged error does not entitle petitioner to affirmance.

For these reasons, we conclude that the circuit court misapplied the substantial-evidence standard by invading the ALJ's credibility determination and by ignoring petitioner's burden of proof. Properly respecting the ALJ's credibility determinations, the record is clear that petitioner did not meet her burden to show that she did not elect the PHF. Therefore, because substantial evidence supported the Retirement Board's decision, we must reverse the circuit court's order and reinstate the Retirement Board decision.[4]

Accordingly, we reverse the order of the circuit court and reinstate the final order of the Retirement Board adopting the decision of the ALJ.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

[4] We recognize that this result is likely inequitable. Even if petitioner's mistake was unilateral, the incorrect election, made shortly before petitioner's intended retirement, essentially nullified her previous contributions for a retirement healthcare subsidy and left her with inadequate time to build up sufficient funds to obtain healthcare coverage after retirement. That being said, administrative agencies are not courts of equity and the circuit court may not set aside an administrative decision on equity principles. *Huron Behavioral Health*, 293 Mich App at 497-498.